```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**VANDALIA CAPITAL II, LLC**

    Plaintiff,

v.                                    Civil Action No. 2:17-cv-02363

**THE WOODS DEVELOPMENT, LLC**
**f/k/a/ IB DEVELOPMENT, LLC,**
**BASE GROUP INVESTMENTS, INC,**
**and MICHAEL L. SEALY**

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is a motion to intervene, filed by third-party movant, United Bank, successor-by-merger to United Bank, Inc., on December 15, 2017.

### I. Background

This action was brought by Vandalia Capital II, LLC ("Vandalia") against defendants The Woods Development, LLC ("Woods"), formerly known as IB Development, LLC; Base Group Investments, Inc. ("Base Group"); and Michael L. Sealy on April 14, 2017. Defendant Sealy filed for personal bankruptcy, and an automatic stay was issued for all matters related to him pursuant to 11 U.S.C. § 362(a). <u>See</u> Notice of Bankruptcy by Michael L.

Sealy, filed June 8, 2017, ECF No. 19.  Count I of the First Amended Complaint applied only to defendants Woods and Base Group, while counts II and III applied only to defendant Sealy.  See First Amended Complaint at pp. 9, 15, 18.

On August 25, 2017, the Clerk entered default against defendants Woods and Base Group as to Count I of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 55(a).  See ECF No. 29.  Vandalia moved for default judgment on September 29, 2017, and the court subsequently held five hearings on the matter.  See ECF Nos. 35, 38, 39, 40, 43, 44.  At the first of these hearings, held October 13, 2017, Julia A. Chinchek appeared for United Bank and stated the bank's interest in what was then a proposed agreed order.  After being provided a copy of the proposed agreed order, Ms. Chinchek, by hand delivery to the court, stated that United Bank "does not see anything on the face of the [proposed agreed order] (excluding the incorporated complaint) that characterizes or otherwise pertains to The Woods Development's or the underlying guarantors' obligations to it.  Therefore, United Bank . . . does not have an opinion about the [proposed agreed order]."

Ultimately, the parties could not agree upon the terms of the proposed agreed order, and Vandalia prepared and tendered the default judgment order that was entered by the court on

November 17, 2017.  See Judgment and Order, ECF No. 45. Accordingly, the case was closed that same day.  Id.  The judgment and order that was entered was substantially different from the proposed agreed order that Ms. Chinchek had reviewed and to which she saw no problem with respect to United Bank.  "[W]ithout any record, Vandalia submitted a proposed default judgment order that contained dozens of findings of fact and conclusions of law" many of which "were irrelevant to the substantive claims in Vandalia's complaint and to the relief Vandalia sought from this court." Reply at 3.  United Bank had no notice of Vandalia's proposed order and was given no opportunity to seek review of the document prior to its entry.

Movant United Bank now "seeks to intervene in this action for the limited purpose of protecting its interests with respect to its loan, related instruments, and collateral," which, it asserts, is implicated in the judgment and order entered November 17, 2017.  Mot. Intervene at 1.  United Bank, Inc. made a loan to Woods in the original principal amount of $28,212,594.00. Mem. Supp. Mot. Intervene at 2.  If permitted to intervene, United Bank wishes to file a motion to reconsider, asking the court to vacate the previously entered judgment and order and enter an amended version proposed by United Bank.  Id. at 1-2.  Vandalia filed a response in opposition to the motion to intervene on December 29, 2017.

## II. Legal Standard

Intervention is governed by Federal Rule of Civil Procedure 24, which allows for intervention as of right. It provides, in pertinent part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> . . .
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). To intervene as a matter of right under Rule 24(a), a movant must satisfy all four of the following requirements: (1) the application must be timely, (2) the movant must have an interest in the subject matter sufficient to merit intervention, (3) the denial of intervention would impair or impede the applicant's ability to protect its interest, and (4) the movant's interest is not adequately represented by the existing parties to the litigation. See Fed. R. Civ. P. 24(a); Houston General Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999).

Timeliness is of special consideration in granting or denying a motion to intervene, and wide discretion is given to the district court in determining what qualifies as a Rule 24 "timely motion." Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989) (citing NAACP v. New York, 413 U.S. 345, 365-66 (1973); Brink v. DaLesio, F.2d 420, 428 (4th Cir. 1981)). In determining timeliness, "[a] reviewing court should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." Gould 883 F.2d at 286. "[L]ast-second or even post-judgment intervention may be proper in some cases." Id.

### III. Analysis

It appears that United Bank meets all of these requirements.

First, United Bank's motion is timely. The motion was filed less than one month after the entry of default judgment. Though United Bank clearly had notice of the litigation and the claims contained in the action, its interests were not implicated until the entry of the judgment and order that contained "erroneous findings of fact and conclusions of law," based on the First Amended Complaint, which "could impair [United Bank's] ability to collect on its loan." Mem. Supp. Mot. Intervene at 5. United Bank did not have reason to intervene until it became clear

that its interests were implicated by this action, and they were not implicated until the entry of the judgment and order. See United Airlines, Inc. v. McDonald, 432 U.S. 385, 394 (1977). Further, the parties will not be unduly prejudiced by the intervention because United Bank's interest relates only to its loan and not to the development agreement or transfer of the deed to the real property at issue in the award of default judgment. Accordingly, even though the case has been closed, this motion is timely.

Second, United Bank has a clear interest in preserving its ability to collect on the loan in accordance with the applicable loan agreements. Third, this interest is not adequately represented by any of the parties to this action. Finally, absent United Bank's intervention, it would not be able to protect its interest in its ability to recover on the loan.

Accordingly, it is ORDERED that United Bank's motion to intervene be, and it hereby is, granted for the limited purpose of protecting its interests with respect to its loan, related instruments, and collateral. United Bank's motion to reconsider will be docketed, and any responses thereto will be due by March 23, 2018 with reply due March 30, 2018.

The Clerk is directed to forward copies of this opinion and order to all counsel of record and any unrepresented parties. The Clerk is further requested to docket the Motion to Reconsider, ECF No. 46-1, and associated memorandum in support, ECF No. 46-2, attached as exhibits to the motion to intervene.

DATED: March 9, 2018

John T. Copenhaver, Jr.
United States District Judge